IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

JS-6

| | |
|---|---|
| BBS OF AMERICA, INC., a Delaware Corporation, | )<br>)<br>) |
| Plaintiff, | ) Case No. CV 08-01934 ODW (Ex) |
| v. | )<br>) **FINAL JUDGMENT AND** |
| HERBERT TAN, THW MOTORSPORTS, INC. d/b/a EXCLUSIVE ALLOY WHEELS, and T&H GLOBAL IMPORT & EXPORT, INC. d/b/a DTM AUTOWERKES, | ) **PERMANENT INJUNCTION**<br>) **BY CONSENT**<br>) |
| Defendants. | )<br>) |

      Now come Plaintiff BBS of America, Inc. and Defendants Herbert Tan, THW Motorsports, Inc., d/b/a Exclusive Alloy Wheels and T&H Global Import & Export, Inc., d/b/a DTM Autowerkes, who stipulate to the entry, subject to the approval of this Court, of this Consent Judgment, as follows:

      1.      Plaintiff BBS Of America, Inc. is a Delaware corporation having its principle place of business 5320 BBS Drive, Braselton, GA 30517.

      2.      Defendants Herbert Tan, THW Motorsports, Inc., d/b/a Exclusive Alloy Wheels and T&H Global Import & Export, Inc., d/b/a DTM Autowerkes are all located at 14924 E. Arrow Highway, Baldwin Park, CA 91706 ("DEFENDANTS").

      3.      This action arises Title 15 U.S.C. §§ 1114 and 1125, and the common law of California, with subject matter jurisdiction under Title 28 U.S.C.§§1331, 1332 and 1338.  Venue in this judicial district is proper pursuant to Title 28 U.S.C. §1391.

      4.      In order to resolve this matter, the parties have entered into a Settlement Agreement, memorialized in a separate document.

      5.      The parties agree and the Court therefore finds that:

(a) BBS of America, Inc. has extensive trade dress rights in its LM wheel as shown in Exhibit A hereto.

(b) BBS of America, Inc. has extensive trademark rights in BBS, and the stylized BBS Logo, as used with wheels as evidenced by U.S. Registration Nos. 1,195,651 and 1,209,630 as shown in Exhibits B and C hereto.

(c) DEFENDANTS have willfully infringed BBS' trade dress rights as a result of DEFENDANTS' marketing, advertising, importing, offering for sale and selling of its M1 and EXM3 wheels as shown in Exhibits D and E hereto and BB5 center caps as shown in Exhibit F hereto.

(d) DEFENDANTS have willfully infringed BBS' trademark rights as a result of DEFENDANTS' marketing, advertising, importing, offering for sale and selling of counterfeit goods, including its M1 and EXM3 wheels (as shown in Exhibits D and E hereto) with counterfeit BB5 center caps (as shown in Exhibit F hereto) as well as otherwise using BB5 in connection with such goods.

6. The parties agree and the Court therefore finds that the acts of DEFENDANTS have caused monetary damage to BBS of America, Inc., but that monetary damages are not adequate to provide BBS of America, Inc. a complete remedy.

7. The parties agree and the Court therefore finds that further infringement of the LM wheel trade dress and the BBS and stylized BBS Logo trademarks of BBS of America, Inc. will cause BBS of America, Inc. irreparable harm.

8. The parties agree and the Court therefore finds that the injunctive relief set forth in the Court's April 21, 2008 Order is appropriate and should be maintained.

**ACCORDINGLY, IT IS ORDERED, ADJUDGED AND DECREED** that Defendant Herbert Tan, THW Motorsports, Inc., d/b/a Exclusive Alloy Wheels and T&H Global Import & Export, Inc., d/b/a DTM Autowerkes, and their agents, servants, employees, attorneys, successors

and assigns, and any and all persons acting in concert or participating with them, or any of their successors or assigns, is permanently enjoined from directly or indirectly:

(1) using BBS trademark (including BB5), BBS Logo trademark, LM trade dress as shown in Exhibit A hereto, or any reproduction, counterfeit, copy of colorable imitation thereof, in connection with the importation, sale, offer for sale, or distribution of motor vehicle wheels or accessories that are not genuine BBS wheels or accessories;

(2) using the BBS trademark (including BB5), BBS Logo trademark, LM trade dress, or any reproduction, counterfeit, copy or colorable imitation thereof, in any manner likely to cause others to believe that Tan's, Exclusive's or DTM's products are connected with BBS or are genuine BBS products;

(3) passing off, inducing or enabling others to sell or pass off any merchandise which is not genuine BBS merchandise, as genuine BBS merchandise;

(4) making any false or misleading statements regarding BBS or its goods, or the relationship between BBS and Tan, Exclusive and DTM;

(5) committing any other acts calculated to cause actual or prospective purchasers to believe that Tan's, Exclusive's or DTM's products are genuine BBS products;

(6) shipping, delivering, holding for sale, importing, distributing, returning, transferring, or otherwise moving or disposing of, in any manner, such wheels or accessories falsely bearing BBS trademarks or trade dress, or any reproduction, counterfeit, copy, or colorable imitation of same, including but not limited to, the M1 and EXM3 wheels of Tan, Exclusive and DTM as shown in Exhibit B hereto.

(7) transferring or otherwise disposing of assets, including but not limited to Exclusive and DTM, in any manner that would impair Tan's, DTM's and Exclusive's ability to pay the settlement amounts agreed to with BBS; and

(8)     assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in the above subparagraphs (1) and (7).

The parties are to bear their own attorneys' fees and costs.

This Court retains jurisdiction to enforce the Settlement Agreement.

This is a Final Judgment under Federal Rules of Civil Procedure, Rule 58.

Date:   October 29, 2008

_____
Otis D. Wright II
United States District Judge

AGREED:

/s/ (pdf version signed           Dated:  10/23/08
Richard E. Dick
Attorney for Plaintiff

/s/ (Pdf version signed)          Dated: 10/23/08
Perry Roshan-Zamir
Attorney for Defendant